# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH R. REISINGER,** | :CIVIL ACTION – LAW |
| | : |
| **Plaintiff,** | : |
| | :JURY TRIAL DEMANDED |
| **v.** | : |
| | : |
| **THE CITY OF WILKES BARRE;** | : |
| **THOMAS LEIGHTON;** | : |
| **FRANCES KRATZ;** | : |
| **GREGORY BARROUK;** | : |
| **MICHAEL KERMEC and** | : |
| **THE CRADLE COMPANY II, INC.** | : |
| | : |
| **Defendants.** | : No. |

FILED
SCRANTON

FEB 0 2 2009

PER _____
DEPUTY CLERK

3: CV 09 - 210

## COMPLAINT

**NOW COMES,** the Plaintiff, Joseph R. Reisinger by his attorneys,

THE LOFTUS LAW FIRM, P.C. and brings this Complaint upon the

following cause of action:

## INTRODUCTION

1. This is an action at law to redress the deprivation under

color of statute, ordinance, regulation, custom or usage of a right, privilege

and immunity secured to the Plaintiff by the First, Fourth, Sixth and

Fourteenth Amendment of the Constitution of the United States under 42

U.S.C. § 1983. The Plaintiff also seeks remedies for Pendente State Claims

Dockets.Justia.com

of Invasion of Privacy, Intentional Interference with Contractual Relationships, Civil Conspiracy and Intention Infliction of Emotional Distress.

## JURISDICTION AND VENUE

2. The Plaintiff has complied fully with all of the prerequisites of jurisdiction in this Court and the amount in controversy exceeds Eighty Thousand Dollars ($80,000.00). The Plaintiff is suing under 42 USC § 1983 for violations of the First, Fourth, Sixth and Fourteenth Amendments, Diversity of Citizenship under 28 USC §§ 1331 and 1332(1)(3)(4) and the Courts Supplemental Jurisdiction pursuant to 28 USC § 1367(a). The unlawful practices occurred in the Middle District of Pennsylvania, thus making venue proper in this Court.

## NATURE OF CLAIM

3. Plaintiff seeks a remedy for violation of his civil rights under 42 U.S.C. § 1983 as well as State Pendente Claims for Invasion of Privacy, Intentional Interference with Contractual Relationships, Civil Conspiracy and Intention Infliction of Emotional Distress.

## **PARTIES**

5. The Plaintiff Joseph R. Reisinger is an adult individual and citizen of the Commonwealth of Pennsylvania with a principle place of business at 444 South Franklin Street in the City of Wilkes Barre, County of Luzerne and Commonwealth of Pennsylvania.

6. The Defendant City of Wilkes Barre is a municipality duly incorporated within the Commonwealth of Pennsylvania with a principle place of business at 40 East Market Street in the City of Wilkes Barre, County of Luzerne and Commonwealth of Pennsylvania.

7. The Defendant, Thomas Leighton at all times relevant hereto was the Mayor of the Defendant City of Wilkes Barre and a Real Estate Broker for the Defendant The Cadle Company II hereinafter mentioned. The Defendant Leighton is an adult individual and citizen of the Commonwealth of Pennsylvania with a principle place of business at 40 East Market Street in the City of Wilkes Barre, County of Luzerne and Commonwealth of Pennsylvania. At all times relevant hereto, the Defendant Leighton acted not only in his personal capacity, but also in his official capacity.

8. The Defendant, Frances Kratz at all times relevant hereto was the Director of the City of Wilkes Barre's Code Enforcement Office and is an adult individual and citizen of the Commonwealth of Pennsylvania with a principle place of business at 40 East Market Street in the City of Wilkes Barre, County of Luzerne and Commonwealth of Pennsylvania. At all times relevant hereto the Defendant Kratz acted not only in his personal capacity, but also his official capacity.

9. The Defendant, The Cadle Company II, Inc. is a corporation duly authorized to do business within the Commonwealth of Pennsylvania with a principle place of business at 100 North Center Street, Newton Falls, Ohio 44444.

10. The Defendant, Gregory Barrouk at all times relevant hereto was a representative of the Defendant Leighton's office and is an adult individual and citizen of the Commonwealth of Pennsylvania with a principle place of business at 40 East Market Street in the City of Wilkes Barre, County of Luzerne and Commonwealth of Pennsylvania. The Defendant Barrouk at all times relevant hereto acted not only in his personal capacity, but also in his official capacity.

11. The Defendant, Michael Kermec at all times relevant hereto was an agent, servant and/or employee of the Defendant The Cadle Company II managing their properties. Kermec is an adult individual and citizen of the State of Ohio with a principle place of business at 100 North Center Street, Newton Falls, Ohio 44444. The Defendant Kermec is being sued in both his individual capacity and in his corporate capacity.

## FACTUAL ALLEGATIONS

12. The Plaintiff, as of January 1st, 2005, was the owner of twenty six (26) rental properties in and about the City of Wilkes Barre which were collateral for twenty nine (29) notes and twenty six (26) mortgages.

13. The Defendant Cadle purchased notes of the Plaintiff on the properties in October of 2004.

14. Cadle is a predatory creditor who acquires notes from banks and then brutalizes the individual creditors, and Cadle has been barred from conducting business activities in the State of Massachusetts because of this.

15. In October of 2005, Cadle attempted to improperly seize the rents from the tenants of the 26 properties, by contacting the tenants and

alleging that the Plaintiff was in violation of the terms of the notes and mortgages.

16. Because of the above, the Plaintiff filed a petition requesting a preliminary injunction to order Cadle to cease improperly interfering with the Plaintiff's ownership of the 26 properties, which injunction the Court granted.

17. During the discovery process related to the above petition, the Plaintiff discovered that Cadle intended to call both Mayor Leighton and Kratz as witnesses against the Plaintiff.

18. Cadle, having been unsuccessful in its prior attempts to improperly seized the rents from the tenants, then filed 26 foreclosure complaints in May against the 26 properties.

19. Cadle filed the above even though the Plaintiff was then in compliance with all of his payment obligations in regard to the notes, and therefore no basis for foreclosures existed.

20. After the above filing, Cadle retained Mayor Leighton as its real estate broker, to do an appraisal of the 26 properties.

21. Cadle, rather than simply continuing to collect the monthly debt service payments, etc. in regard to the notes, decided, contrary to the

terms of the notes, to attempt to secure a substantial profit now if it could seize and sell the 26 properties, in violation of the notes.

22. Also, if Cadle was successful in its attempt to foreclose on the 26 properties, and then sell same, Mayor Leighton, Cadle's real estate broker, stood to potentially gain a substantial amount of real estate commissions.

23. In October of 2006, after the Plaintiff filed an answer to the foreclosure complaints, raising numerous questions about Cadle's rights to foreclose, Cadle then filed a motion for a preliminary injunction before Judge Lokuta, because none of Cadle's prior improper efforts to seize the rents were successful.

24. In a hearing in regard to Cadle's preliminary injunction request, the Defendant Kratz falsely testified against the Plaintiff in an attempt to criticize the maintenance policies of the Plaintiff.

25. After a hearing, Judge Lokuta, without any proper basis, granted Cadle the preliminary injunction it had requested, which precluded the Plaintiff from collecting the rents in the future from the 26 properties.

26. The Plaintiff, in response to Judge Lokuta's order, then filed a Notice of Appeal, and a Motion for a Stay Order, with the Pennsylvania

Superior Court, which Court granted the Stay Order on January 18, 2007, because of the strong likelihood the Plaintiff would be successful in having Judge Lokuta's order dismissed.

27. However, after Judge Lokuta's order on December 13, 2006, because of Cadle's numerous prior failures in attempting to seize the rent collections, Kermec then began working diligently to establish and maintain a very close relationship with each of the tenants of the 26 Properties, to secure the receipt of rent from each of the tenants in the future.

28. Kermec also attempted to minimize to the extent possible any future contact the tenants of the 26 properties had with the Plaintiff's rental office.

29. The granting of the Stay Order by the Superior Court totally suspended the effects of Judge Lokuta's December 13, 2006 order, the Stay Order now mandating that the Plaintiff resume collecting all of the rents from the tenants of the 26 Properties, and to continue to manage the 26 Properties.

30. By implication, the Stay Order required Cadle to cease and desist any future involvement with the tenants in the 26 Properties.

31. However, after the Stay Order of January 18, 2007, Kermec, authorized by Cadle, intentionally violated the Superior Court's Stay Order by continuing to take all steps to continue to collect the rents from the Plaintiff's former tenants, in an attempt to preserve whatever benefit Cadle had gained from December 13, 2006 until January 18, 2007.

32. Further, as detailed herein, after the Stay Order, there were a series of improper property inspections and improper forced evacuations of the Plaintiff's office location, starting on February 7th, 2007, until April 24, 2007, a period of 77 days.

33. The corrupt reason for the series of illegal forced closures of the Plaintiff's office location was to preclude the Plaintiff from being able to comply with the Superior Court's Stay Order, said improper office closures precluding the Plaintiff from being able to resume the management of his 26 properties.

34. The failure of the Plaintiff, because of the acts of, and the conspiracy by, all of the Defendants, to be able to resume management of his 26 properties was the reason for the Plaintiff ultimately losing the appeal of Judge Lokuta's order.

35. Those forced illegal office closures were required by Kratz, Barrouk, and Mayor Leighton, in conjunction with Kermec, Fogerty and Cadle, all in violation of the Building Code of the City of Wilkes-Barre.

36. On February 7, 2007, the first of a series of improper condemnations and forced evacuation of the Plaintiff's office location occurred by Kratz and Barrouk inspecting, and then requiring immediate forced evacuation, by the Plaintiff and the Plaintiff's office staff, of the Plaintiff's office building at 444 South Franklin Street, or be subject to immediate arrest.

37. The forced closure caused the office to remain closed from February 7, 2007, to February 12, 2007.

38. The second improper inspection, condemnation and forced evacuation of the Plaintiff's office location occurred on April 3, 2007, at which time Kratz and Barrouk again condemned the Plaintiff's office building, and ordered the Plaintiff and the Plaintiff's office staff to then vacate same, or be subject to immediate arrest.

39. The above forced improper closing was for a period of April 3, 2007, until April 24, 2007 (during tax season), the period of the closure

being extended by a series of improperly required proposed curative actions ordered by Kratz.

40. Because of the above second forced closure of the Plaintiff's office location, the Plaintiff relocated his office location to his apartment at 442 South Franklin Street, on April 6, to provide continued services for his clients during tax season.

41. The third improper forced closure and evacuation of the Plaintiff's above office location, at 442 South Franklin Street, occurred by order of Kratz on April 16, 2007 and that building has remained vacant to the current date.

42. After the above three forced closures, the Plaintiff then moved his office location the next day, on April 17, 2007, to an apartment in his building at 448 South Franklin Street, and within three hours, Kratz and Barrouk then condemned that building also, and required the immediate forced evacuation by both the Plaintiff, and the Plaintiff's office staff, or be subject to immediate arrest.

43. Finally, the Plaintiff then moved his office location to 62-64 West Ross Street, the next day, April 18, 2007, and within five hours, Kratz and Barrouk went to that building to cause the Plaintiff's staff to be required

and Barrouk went to that building to cause the Plaintiff's staff to be required to immediately vacate same, or be subject to immediate arrest.

44. All the above forced closures and condemnations, etc. were in violation of the Building Code of the City of Wilkes-Barre.

45. For example, the reasons Kratz expressed for the forced closure of 442 South Franklin Street have been totally disputed by the Assistant Fire Chief of the City of Wilkes-Barre, a licensed plumbing contractor, and the Plaintiff's architect.

46. The Defendants, Kratz and Barrouk, had failed to properly cite the Plaintiff and allow him to take an appeal from said citations before condemning the above series of buildings and forcing the immediate evacuations, thereby eliminating the ability to appeal same.

47. The Defendants' conduct in forcing the closing of the Plaintiff's office building and the other above properties precluded the Plaintiff from conducting his occupation during his busiest time of the year, tax season, and also virtually eliminated his ability to properly manage his twenty six (26) properties and collect the rents, as required by the Superior Court's Stay Order.

# COUNT I

## VIOLATION OF 42 U.S.C. § 1983

### Illegal Search & Seizure
### under the Fourth Amendment

### Plaintiff v. All of the Defendants

Paragraphs One through 47 inclusive are incorporated herein as though more fully set forth at length.

48. The Defendants individually, jointly and severally conspired to seize the properties of the Plaintiff by conducting illegal search & seizures under the pretext of enforcement of the Building Code.

49. The improper procedures resulted in loss of the use of the property, its income, etc... to the financial determent of the Plaintiff.

50. The Plaintiff suffered severe emotional distress, embarrassment, humiliation and loss of enjoyment of life, his right to a fair judicial proceeding, in addition to the loss of income and his properties, all of which has continued in the past and will in all probability continue indefinitely into the future.

**WHEREFORE,** judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount

in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

## COUNT II

### Violation of 42 U.S.C. § 1983

**Procedural Due Process
under the Sixth and Fourteenth Amendments**

**Plaintiff v. All of the Defendants**

Paragraphs One through 50 inclusive are incorporated herein as though more fully set forth at length.

51. The Defendants individually, jointly and severally with encouragement and participation of nongovernmental employees forcibly entered and seized the property of the Plaintiff in violation of the First, Fourth, Sixth and Fourteenth Amendment.

52. The Plaintiff was not afforded the opportunity to procedural due process.

53. As a direct result of which the Plaintiff suffered severe emotional distress, embarrassment, humiliation and loss of enjoyment of life in addition the loss of income all of which has continued in the past and will in all probability continue indefinitely into the future.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

## COUNT III

### Violation of 42 U.S.C. § 1983

**Substantive Due Process
under the Sixth and Fourteenth Amendments**

**Plaintiff v. All of the Defendants**

Paragraphs One through 53 inclusive are incorporated herein as though more fully set forth at length.

54. The Defendants individually, jointly and severally with encouragement and participation of nongovernmental employees forcibly entered and seized the property of the Plaintiff in violation of the First, Fourth, Sixth and Fourteenth Amendment.

55. The Plaintiff was not afforded the opportunity to procedural due process.

56. As a direct result of which the Plaintiff suffered severe emotional distress, embarrassment, humiliation and loss of enjoyment of life

in addition the loss of income all of which has continued in the past and will in all probability continue indefinitely into the future.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

<u>**COUNT IV**</u>

**42 U.S.C. § 1983**

**Equal Protection
in violation of the Sixth and Fourteenth Amendments**

**Plaintiff v. All of the Defendants**

Paragraphs One through 56 inclusive are incorporated herein as though more fully set forth at length.

57. The Defendants individually, jointly and severally violated the Plaintiff's rights to equal protection in that they enforced the Building Code of the City of Wilkes Barre by targeting the Plaintiff in an attempted to seize his properties and disrupt his business. In doing so by selective enforcement, they denied the Plaintiff equal protection of the laws in that others with more egregious decencies were not so targeted.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

## COUNT V

### 42 U.S.C. § 1983

### Freedom of Speech
### under the First Amendment

### Plaintiff v. All of the Defendants

Paragraphs One through 57 inclusive are incorporated herein as though more fully set forth at length.

58. The Defendants individually, jointly and severally conspired against and interfered with the property interest of the Plaintiff thus violating the Plaintiff's First Amendment Rights.

59. The conduct of the Defendants individually, jointly and severally at all times was done with malice, malicious and were outrageous causing the Plaintiff severe emotional distress.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount

in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

## COUNT VI

### Invasion of Privacy

### Plaintiff v. All of the Defendants

Paragraphs One through 59 inclusive are incorporated herein as though more fully set forth at length.

60. The Defendants individually, jointly and severally intentionally intruded upon the solitude and seclusion of the Plaintiff and his private affairs or concerns physically and otherwise.

61. The intrusion is highly offensive to a reasonable person and was substantial causing mental suffering, shame and humiliation to the Plaintiff.

62. The Defendants individually, jointly and severally publicly exposed the condition of the Plaintiff's private life in such a way to be highly offensive to a reasonable person and was not of legitimate concern to the public.

63. The intrusion was of such a nature as to outrage and to cause mental suffering, shame and humiliation to the Plaintiff and unreasonably and seriously interfered with the Plaintiff's interests in not having his affairs known to others.

64. The Defendants individually, jointly and severally placed the Plaintiff is a false light the invasion of which was highly offensive to the Plaintiff and the Defendants had knowledge of and acted in reckless disregard as to the false light in which the Plaintiff was placed.

65. As a result the Plaintiff suffered mental anguish, shame, humiliation, and loss of enjoyment of life in addition the loss of income all of which has continued in the past and will in all probability continue indefinitely into the future.

66. The false publication was communicated to the public at large in such a manner to be substantially certain to become one of public knowledge.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

## COUNT VII

### Interference with Contractual Relationships

### Plaintiff v. All of the Defendants

Paragraphs One through 66 inclusive are incorporated herein as though more fully set forth at length.

67. The Plaintiff had contracts with third parties for the lease of his apartments as well as for personally services to be rendered to those third parties and others by the Plaintiff.

68. The Defendants individually, jointly and severally interfered with the third parties performance of the contract.

69. The Defendants' actions were improper and illegal.

70. The Plaintiff suffered actual harm as a result of the conduct of the Defendants.

71. The conduct of the Defendants individually, jointly and severally also interfered with prospective contracts wherein potential clients were turned away by the difficulty in finding the Plaintiff's office.

72. The purpose or intent of the Defendants was to harm the Plaintiff by preventing the relationship to occur.

73. There was no privileged or justification on the part of the Defendants.

74. The Plaintiff sustained actual harm as a result of the Defendants' conduct losing substantial amounts of income.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

## COUNT VIII

### Civil Conspiracy

### Plaintiff v. All of the Defendants

Paragraphs One through 74 inclusive are incorporated herein as though more fully set forth at length.

75. The Defendants individually, jointly and severally conspired with each other and met at various times and places to discuss the potential actions they could take against the Plaintiff in an effort to destroy his business, interfere with the conduct of the maintenance of properties and with the expectation of preventing him from making payments on his notes resulting in the ultimate loss of his properties.

76. In furtherance of the plan, scheme, design, etc., the Defendants individually, jointly and severally acted in concert with each other and reviewed and discussed the efforts in which they would become involved in order to establish false charges against the Plaintiff and force his business to shut down during his busiest part of the year resulting in the loss of income and subsequent loss of properties.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

## COUNT IX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff v. All of the Defendants

Paragraphs One through 76 inclusive are incorporated herein as though more fully set forth at length.

77.The Defendants individually, jointly and severally caused the Plaintiff severe emotional distress and anxiety which has continued and in all probability will continue for an indefinite period of time into the

future for which he has and will in the future be required to seek medical attention.

78. The Plaintiff has been humiliated, embarrassed, ridiculed and his quality of life and reputation have been destroyed.

**WHEREFORE**, judgment against the Defendants individually, jointly and severally for compensatory and punitive damages in an amount in excess of Eighty-Thousand Dollars ($80,000) is demanded together with interests, costs and attorney's fees.

Respectfully Submitted,

THE LOFTUS LAW FIRM, P.C.

Peter G. Loftus, Esquire
Attorney I.D. No. 09943
P.O. Box V, 1207 N. Abington Rd.
Waverly, PA 18471
(570)586-8604

# A F F I D A V I T

COUNTY OF LACKAWANNA      :
                                   : ss.
COMMONWEALTH OF PENNSYLVANIA  :

        JOSEPH R. REISINGER having been duly sworn according to law, deposes and says that he is the Plaintiff in the afore-captioned matter and that the facts set forth in the foregoing Document are true and correct to the best of his knowledge, information and belief.

                                         JOSEPH R. REISINGER

Sworn to and subscribed
before me this 2td day
of February, 2009.

Notary Public

Commonwealth of Pennsylvania
NOTARIAL SEAL
CHRISTINE M. SPANGLER, Notary Public
Abington Township, Lackawanna County
My Commission Expires Sept. 29, 2011