IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| JOSEPH R. REISINGER, | : |
| Plaintiff, | : |
| v. | : No. 3:09-CV-210 |
| THE CITY OF WILKES-BARRE, THE CADLE COMPANY, ET AL | : |
| Defendants. | : |

ANSWER AND AFFIRMATIVE DEFENSES FILED
ON BEHALF OF DEFENDANTS MICHAEL KERMEC
AND THE CADLE COMPANY II, INC. FILED
IN RESPONSE TO PLAINTIFF'S COMPLAINT

FIRST AFFIRMATIVE DEFENSE

1. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is specifically denied Plaintiff, Joseph R. Reisinger has any claims against any of the Defendants, and in fact, this is just another in a series of frivolous and harassing lawsuits Reisinger has filed against The Cadle Company II, Inc. ("Cadle"), the others being asserted at Civil Action Nos. 2005-12124, 2006-11479, 2007-5254, and 2008-13317 in the Luzerne County Court of Common Pleas.

JURISDICTION AND VENUE

2. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied there is any federal-court subject matter jurisdiction for any of the claims alleged herein. By way of further response, it is

1

denied there were any "unlawful practices" which occurred in the Middle District of Pennsylvania, or anywhere else.

## **NATURE OF CLAIM**

3. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied Plaintiff has any claim for "violation of his civil rights" or otherwise.

## **PARTIES**

4. [Omitted from Plaintiff's Complaint.]

5. Admitted Reisinger is an adult. The remaining allegations in Paragraph 5 of Plaintiff's Complaint are denied.

6. Admitted.

7. Admitted Thomas Leighton is the Mayor of the City of Wilkes-Barre. It is denied he is a "Real Estate Broker for the Defendant, The Cadle Company II, Inc."

By way of further response, it is denied Leighton acted in his "official capacity" in connection with anything having to do with Cadle, if by "official capacity" Reisinger is referring to his status of Mayor.

8. Admitted Frances Kratz is employed by the City of Wilkes-Barre, at the addressed referenced. It is denied Kratz was acting "in his personal capacity" at any time in whatever dealings or communications he may have had with Reisinger or Cadle.

9. Admitted.

10. Denied. The allegations in Paragraph 10 of Plaintiff's Complaint are denied.

11. Admitted Michael Kermec is an employee of Cadle, and is presently responsible for managing numerous properties in connection with which Reisinger had failed to make tax and mortgage payments, and had failed to properly maintain those properties.

The remaining allegations in Paragraph 11 of Plaintiff's Complaint are denied.

## FACTUAL ALLEGATIONS

12. Admitted Plaintiff may have held legal title to various rental properties "in and about the City of Wilkes-Barre," which were collateral for loans. However, since Reisinger has failed to identify which properties and which loans he's referring to, the remaining allegations in Paragraph 12 of Reisinger's Complaint are denied.

13. Admitted that in or about September, 2004, Cadle purchased by assignment various Notes, Mortgages and other related loan documents, as well as the underlying obligations, with all but one of those loans being secured by mortgage liens against real estate. Specifically, there were twenty-nine loans, one of which was not secured by any liens against real estate, the other twenty-eight of which were secured by mortgages, twenty-seven of which were first liens against residential rental properties, the other one of which was a second lien against a residential rental property.

To the extent inconsistent with these admissions, the allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied Cadle is a "predatory creditor," which "brutalizes" debtors; to the contrary, Cadle purchases loans from persons or entities holding those obligations, and the related underlying loan documents, and legitimately pursues collection of those monies. By way of further response, Cadle is not "barred from

conducting business activities in the State of Massachusetts," which has no relevance whatsoever to this case, involving a bankrupt, slum-landlord attorney, who borrowed hundreds and hundreds of thousands of dollars which he refused to pay back.

15. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied there was anything "improper" about Cadle collecting rent from tenants of the properties against which Cadle has mortgages securing Reisinger's debts owed to Cadle. By way of further response, the Pennsylvania Superior Court eventually upheld the preliminary injunction issued in the Luzerne County Court of Common Pleas, establishing Cadle's mortgagee-in-possession rights, and granting Cadle the right to collect monies directly from tenants.

By way of further response, Reisinger was clearly "in violation of the terms of the Notes and Mortgages," as set forth in detail in the default Notice which Cadle sent to Reisinger on November 29, 2005.

16. Admitted Reisinger at some point filed a Petition requesting a preliminary injunction regarding collection of rents from tenants. It is denied Reisinger was entitled to a preliminary injunction, and by way of further response, the Luzerne County Court of Common Pleas lacked jurisdiction --because of Reisinger's then-pending, and still-pending bankruptcy case-- over that Petition, which the Honorable Hugh F. Mundy eventually determined, and entered an Order to that effect.

17. Admitted Cadle intended to and did call Frank Kratz as a witness at a preliminary injunction hearing held in November, 2006. It is denied Cadle intended to and did call Mayor Leighton as a witness at any proceedings.

18. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is admitted Cadle filed 26 mortgage foreclosure actions in 2006 against Reisinger, after obtaining stay relief from the Bankruptcy Court. It is denied Cadle has been "unsuccessful" in its attempt to collect rents from tenants; to the contrary, the Luzerne County Court of Common Pleas, through the Honorable Ann H. Lokuta, granted Cadle's request for preliminary injunction to exercise its mortgagee-in-possession rights, and that Order was affirmed on appeal by the Pennsylvania Superior Court.

19. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied Reisinger was "in compliance with all of his payment obligations in regard to the Notes." To the contrary, Reisinger was in material breach and default under those Notes and Mortgages, the details of which are set forth in the November 29, 2005 letter sent to him by Cadle.

20. Admitted Cadle at some point hired a real brokerage firm to obtain CMAs (drive-by-appraisals) on some of the 27 properties against which Cadle held mortgages. It is denied appraisals were obtained on all of those properties, and it is further denied there was anything improper about hiring that real estate brokerage firm to perform those appraisals.

21. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied Cadle has done anything improper in its efforts to collect the substantial monies it is owed by Reisinger.

By way of further response, the 27 properties against which Cadle holds mortgages have substantial accrued taxes and other liens, including Cadle's mortgages, and those properties eventually need to be sold to pay the taxes and for Cadle to recover the substantial monies it is owed in connection with these obligations.

22. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied Mayor Leighton would "potentially gain a substantial amount of real estate commissions" if and when these properties are eventually sold.

23. Admitted that in September, 2006, Cadle filed a lawsuit captioned as *The Cadle Company II, Inc. v. Joseph R. Reisinger, Tina Bolen and Tina Randazzo* - Civil Action No. 10356-2006 (C. C. P. Luzerne), in which Cadle sought issuance of a preliminary injunction to establish its mortgagee-in-possession rights. It is further admitted Cadle filed that action to seek judicial assistance in exercising and carrying out its mortgagee-in-possession rights, as opposed to merely acting on an *ex parte* basis in attempting to collect rents.

By way of further response, to the extent inconsistent with these admissions, the allegations in Paragraph 23 of Reisinger's Complaint are denied.

24. Denied. The allegations in Paragraph 24 of Reisinger's Complaint are denied. To the contrary, Frank Kratz testified truthfully concerning the decrepit condition of a number of Reisinger's properties.

25. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is admitted Judge Lokuta issued an Order granting the preliminary injunction sought by Cadle, and that Order speaks for itself. By way of further response, Judge Lokuta's Order was affirmed on appeal to the Pennsylvania Superior Court.

26. Admitted Reisinger appealed Judge Lokuta's preliminary-injunction Order, and also filed a request for a stay of that Order. It is further admitted the Superior Court granted that stay request, the reason being Reisinger lied in his papers filed with that Court, materially

misrepresenting statements made during the course of the preliminary injunction hearing (for which the transcript was not at that time available), particularly by the trial judge.

By way of further response, once the Superior Court had an opportunity to conduct a full review of the transcript of the hearings held before Judge Lokuta, it affirmed her ruling and lifted the stay Order.

27.  Denied. The allegations in Paragraph 27 of Reisinger's Complaint are denied, particularly since Cadle did not collect rents from all of the tenants following entry of the stay Order by the Superior Court, until the Superior Court ruled in Cadle's favor in August, 2007, affirming Judge Lokuta's preliminary injunction Order, and lifting the stay Order which had been entered in January, 2007.

28.  Denied. The allegations in Paragraph 28 of Reisinger's Complaint are denied. To the contrary, Reisinger was free to have whatever contact he wanted with the tenants at the 26 properties, between January 18, 2007, and August, 2007, when the Superior Court lifted the stay Order and affirmed Judge Lokuta's preliminary-injunction Order. However, the majority of the tenants at these properties wanted nothing to do with Reisinger, who did little or nothing to maintain the properties to keep them in good condition and repair.

29-30. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the stay Order entered by the Pennsylvania Superior Court speaks for itself.

By way of further response, that stay Order was vacated by the Superior Court's August, 2007, Order, affirming Judge Lokuta's preliminary-injunction Order.

31.  Denied. The allegations in Paragraph 31 of Reisinger's Complaint are denied. By way of further response, Cadle and Kermec did not "take all steps to continue to collect the

rents . . ." from all tenants, and by way of further response, the remaining allegations in this paragraph are denied.

32. Admitted there may have been property inspections, and appropriate enforcement remedies, but they were not done by Cadle; to the contrary, they were performed by municipal inspectors, who found numerous code violations at various properties owned by Reisinger, including what he refers to as his "office location."

33. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 33 of Reisinger's Complaint are denied. To the contrary, any code enforcement proceedings brought against Reisinger, particularly relating to his "office location," were initiated by municipal inspectors, and Cadle had no involvement in that process. By way of further response, if Reisinger had simply complied with various code requirements there wouldn't have been the need for inspections and closure of that location.

34. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the suggestion that Judge Lokuta's Order was eventually affirmed by the Pennsylvania Superior Court because of some "conspiracy" among the Defendants, to close what Reisinger refers to as his "office location," while that appeal was pending is denied as absurd and ridiculous. To the contrary, Reisinger lost that appeal because his position was premised on lies and misrepresentations to the court, and lacked any factual or legal merit whatsoever..

35. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 35 of Reisinger's Complaint are denied. To the contrary, and by way of further response, neither

Kermec, Cadle or its undersigned counsel were involved in any "forced illegal office closures," and to the extent there were any code violations they were enforced by personnel from the City of Wilkes-Barre.

By way of further response, Cadle believes and avers that Reisinger did not exercise his proper administrative remedies in connection with those closures, as a consequence of which the claims he's asserted in this lawsuit should be dismissed.

36-46. Denied. The allegations in Paragraphs 36 through 46 of Reisinger's Complaint are denied, with proof demanded, particularly since Cadle was not involved in any such inspections or closures.

By way of further response, the property at 442 S. Franklin Street was vacant because Reisinger's repairman had poured some type of harsh chemical into a drain, which had sickened the tenants, who called the fire department, who called the police, who called the appropriate code enforcement officials.

47. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 47 of Reisinger's Complaint are denied, particularly the suggestion that he couldn't collect rents from tenants.

### COUNT I - ALLEGED VIOLATION OF 42 U. S. C. SECTION 1983
### (ILLEGAL SEARCH AND SEIZURE UNDER THE FOURTH AMENDMENT)

48. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 48 of Reisinger's Complaint are denied. To the contrary, there was no "conspiracy," or "illegal search and seizure" with respect to Reisinger's properties, and if Reisinger had complaints regarding

enforcement actions brought under the City of Wilkes-Barre Building Code, he should have pursued the appropriate administrative remedies.

49. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 49 of Reisinger's Complaint are denied. By way of further response, to the extent Reisinger lost rental income or "use of the property" it was because of his own failure to follow the law, including the applicable Ordinances, and his refusal to pay his bills.

50. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 50 of Reisinger's Complaint are denied. To the contrary, to the extent Reisinger suffered any "loss of income," and "loss of use of the properties at issue," it was his own fault for failing to follow the law, including applicable Ordinances, and his refusal to pay his bills.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count I of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

### COUNT II - ALLEGED VIOLATION OF 42 U. S. C. SECTION 1983 (PROCEDURAL DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS)

51-52. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied there was any "forceable ent[ry] and seiz[ure] of any of Reisinger's property, and by way of further response, Reisinger apparently failed to exercise the appropriate administrative remedies in connection with his building code violations.

53. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 53 of Reisinger's Complaint are denied. To the contrary, to the extent Reisinger suffered any "loss of income," and "loss of use of the properties at issue," it was his own fault and doing, for failing to follow applicable laws and building codes, and refusing to pay his debts.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count II of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

### COUNT III - ALLEGED VIOLATION OF 42 U. S. C. SECTION 1983 (SUBSTANTIVE DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS)

54-55. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied there was any "forceable ent[ry] and seiz[ure] of any of Reisinger's property, and by way of further response, Reisinger apparently failed to exercise the appropriate administrative remedies in connection with his building code violations.

By way of further response, these allegations are identical to those appearing in Plaintiffs 51 and 52 of Reisinger's Complaint, and therefore, the responses to those paragraphs are incorporated herein by reference as if fully set forth at length.

56. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 56 of Reisinger's Complaint are denied. To the contrary, to the extent Reisinger suffered any "loss of

11

income," and "loss of use of the properties at issue," it's his own fault for failing to follow applicable laws and Ordinances, and refusing to pay his debts.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count III of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

### COUNT IV - 42 U. S. C. SECTION 1983 (EQUAL PROTECTION AND ALLEGED VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS)

57. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraph 57 of Reisinger's Complaint are denied, particularly to the extent they suggest Cadle or Kermec participated in some "violation" of Plaintiff's "equal protection rights," when in fact, Cadle and Kermec were not involved in those enforcement proceedings, and are not governmental agencies or entities.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count IV of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

### COUNT V - ALLEGED VIOLATION OF 42 U. S. C. SECTION 1983 (FREEDOM OF SPEECH UNDER THE FIRST AMENDMENT)

58-59. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraphs 58 and 59

of Reisinger's Complaint are denied, particularly to the extent they suggest Cadle and/or Kermec could be liable under the federal statute referenced, when they are not governmental individuals or entities, and they were not involved in the process by which Citations for code violations were issued, against Reisinger.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count V of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

## COUNT VI - INVASION OF PRIVACY

60-66. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraphs 60 through 66 of Reisinger's Complaint are denied, particularly since Cadle and Kermec did not engage in any actions or conduct which "publicly exposed" any "condition of [Reisinger's] private life;" in point of fact, all Plaintiff has done is filed lawsuits against Reisinger to collect monies due and owing; as such, Reisinger's complaints about "invasion of privacy," are ridiculous and absurd.

By way of further response, to the extent Reisinger has suffered "mental anguish, shame and humiliation" it's because of his own bad behavior, in failing and refusing to pay his just debts and obligations, including real estate taxes and mortgage debts, and his failure to properly maintain these rental properties.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count VI of his Complaint, and said Defendants further demand that said claim be dismissed,

with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

## COUNT VII - <u>INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS</u>

67. Admitted Reisinger had leases for apartments. It is denied Reisinger still has any rights under those Leases, given his numerous defaults under the Notes and Mortgages held by Cadle.

68-74. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraphs 68 through 74 of Reisinger's Complaint are denied. To the contrary, Cadle acted lawfully in collecting rents, particularly after the Pennsylvania Superior Court affirmed Judge Lokuta's preliminary-injunction Order enforcing Cadle's rights as mortgagee in possession.

By way of further response, Cadle was justified and privileged in enforcing its rights and entitlements under the Notes and Mortgages which it holds, its purpose being to collect monies due and owing, which Reisinger refused to pay.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count VII of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

## COUNT VIII - <u>CIVIL CONSPIRACY</u>

75-76. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraphs 75 and 76 of Reisinger's Complaint are denied, and by way of further response, there was no "conspiracy"

or "act[ing] in concert" among any of the Defendants; to the contrary, the municipal Defendants merely attempted to enforce applicable codes and laws, and Cadle and Kermec attempted to collect monies due and owing by Reisinger.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count VIII of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

## COUNT IX - <u>INTENTIONAL AFFRICATION OF EMOTIONAL DISTRESS</u>

77-78. Denied. These are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations in Paragraphs 77 and 78 of Reisinger's Complaint are denied. To the contrary, to the extent Reisinger claims having suffered any "humiliation, embarrassment or ridicule," it's because of his own behavior, as a bankrupt slum landlord.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claim alleged in Count IX of his Complaint, and said Defendants further demand that said claim be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to allege federal-based causes of action upon which relief can be granted, as a consequence of which this Court lacks subject matter jurisdiction over the predominantly state-law claims alleged by Reisinger, a number of which have been previously

asserted in cases pending in the Luzerne County Court of Common Pleas, captioned as *Joseph R. Reisinger v. Nova Savings Bank and The Cadle Company, II, Inc.* - Civil Action No. 5254-2007 (C. C. P. Luzerne), *Joseph R. Reisinger v. Nova Savings Bank and The Cadle Company, II, Inc.* - Civil Action No. 11479-06 (C. C. P. Luzerne) and *Joseph R. Reisinger v. Nova Savings Bank and Cadle Co. II* - Civil Action No. 12124 of 2005 (C. C. P. Luzerne), *Joseph R. Reisinger v. Nova Savings Bank and The Cadle Company II, Inc.* - Civil Action No. 1331708 (C.C.P. Luzerne).

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred by his failure to seek enforcement of administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by Plaintiff's own breaches of contract.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the parol evidence rule.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the statute of frauds.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the doctrine of *res judicata*.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the doctrine of collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the doctrine of equitable estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the doctrine of government immunity.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the gist of the action doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by the economic loss doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are or may be barred and precluded by Plaintiff's failure to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims should be dismissed, or remanded to state court, base don the doctrine of abstention.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are or may be barred and precluded by the absence of any official state action by Cadle, or in which Cadle participated or was otherwise engaged.

WHEREFORE, Defendants, The Cadle Company II, Inc., and Michael Kermec, demand entry of judgment in their favor and against Plaintiff, Joseph R. Reisinger on the claims alleged in Counts I through IX of his Complaint, and said Defendants further demand that said claims be dismissed, with prejudice, with entry of an award of attorney's fees and costs of suit in favor of those Defendants and against Plaintiff

LAW OFFICES OF KEVIN T. FOGERTY

Kevin T. Fogerty, Esquire
Attorneys for Plaintiff,
The Cadle Company II, Inc. and Michael Kermec

## CERTIFICATE OF SERVICE

I, Kevin T. Fogerty, Esquire, counsel for Defendant, The Cadle Company II, Inc., in this proceeding, hereby state and certify that on Wednesday, March 18, 2009, I served by first-class mail, a true and correct copy of Answer and Affirmative Defenses Filed on Behalf of Defendants Michael Kermec and The Cadle Company II, Inc. Filed in Response to Plaintiff's Complaint, upon the following:

Peter G. Loftus, Esquire
Loftus Law Firm, P.C.
Box V, 1207 N. Abington Road
Waverly, PA 18471
*Attorneys for Plaintiff, Joseph R. Reisinger*


City of Wilkes-Barre
40 East Market Street
Wilkes-Barre, PA 18702
*Pro Se*

Thomas Leighton
40 East Market Street
Wilkes-Barre, PA 18702
*Pro Se*

Frances Kratz
40 East Market Street
Wilkes-Barre, PA 18702
*Pro Se*

Gregory Barrouk
40 East Market Street
Wilkes-Barre, PA 18702
*Pro Se*

Date: March 18, 2009

_____
Kevin T. Fogerty