ROSENN, JENKINS & GREENWALD, L.L.P.
Donald H. Brobst, Esquire
Atty. I.D. No. 17833
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5600
Attorneys for Defendants,
The City of Wilkes-Barre; Thomas Leighton;
Francis Kratz and Gregory Barrouk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. REISINGER,<br><br>    Plaintiff<br><br>vs.<br><br>THE CITY OF WILKES-BARRE;<br>THOMAS LEIGHTON; FRANCES<br>KRATZ; GREGORY BARROUK;<br>MICHAEL KERMEC and THE<br>CRADLE COMPANY, II, INC.,<br><br>    Defendants | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>(Honorable Richard P. Conaboy)<br><br>NO. 3:09-CV-00210 |

## **ANSWER**

The Defendants, CITY OF WILKES-BARRE ("Wilkes-Barre"), THOMAS LEIGHTON ("Leighton"), FRANCIS KRATZ ("Kratz") and GREGORY BARROUK ("Barrouk") hereby answer the Complaint as follows:

1.      Denied.   The allegations set forth in paragraph 1 are denied as conclusions of law.

612099.1

2. Denied. The allegations set forth in paragraph 2 are denied as conclusions of law.

3. Denied. The allegations set forth in paragraph 3 are denied as conclusions of law.

4. There is no paragraph 4 in the Complaint.

5. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraph 5 and therefore said allegations are denied.

6. Admitted.

7. Admitted in part and denied in part. It is admitted that Thomas Leighton was the Mayor of the City of Wilkes-Barre from January 5, 2004 to present and that the Mayor's office is located at Wilkes-Barre City Hall at 40 East Market Street in Wilkes-Barre. It is denied that at all times relevant hereto that he was a real estate broker for the Defendant The Cadle Company II, Inc. ("Cadle"). It is denied that at all times relevant hereto Mayor Leighton acted both in his official and personal capacity.

8. Denied. The allegations set forth in paragraph 8 are denied. For further answer it is averred that at all times relevant hereto Defendant Francis Kratz was the Building Code Official for the City of Wilkes-Barre and that at all times he acted only in his official capacity.

612099.1

9. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraph 9 and therefore said allegations are denied.

10. Admitted in part and denied in part. It is denied that at all times relevant hereto Defendant Barrouk acted in his personal capacity. For further answer it is averred that he acted only in his official capacity. The remaining allegations set forth in paragraph 10 are admitted.

11 – 19. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraph 11 through 19 and therefore said allegations are denied. For further answer, it is averred that Defendant Cadle never indicated to Leighton that it intended to call him as a witness in any legal proceeding.

20. Denied. For further answer it is averred that in February, 2004, Nova Savings Bank retained him to do an appraisal of 26 properties.

21. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraph 21 and therefore said allegations are denied.

22. Denied. The allegations set forth in paragraph 22 are denied. It is specifically denied that Leighton stood to potentially gain a substantial amount of real estate commissions if Cadle foreclosed on any properties and then sold them.

For further answer it is averred that Leighton was retained by Cadle solely to do appraisals on properties.

23. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraph 23 and therefore said allegations are denied.

24. Denied. The allegations set forth in paragraph 24 are denied. For further answer it is averred that Defendant Kratz accurately testified with respect to the maintenance policies of the Plaintiff and the poor condition of several of Plaintiff's properties at said hearing.

25 – 31. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraphs 25 through 31 and therefore said allegations are denied.

32. Denied. It is specifically denied that there were a series of improper property inspections and/or improper forced evacuations of the Plaintiff's office location at any time.

33. Denied. The allegations set forth in paragraph 33 are denied. For further answer it is averred that there was never any illegal forced closures of the Plaintiff's office location, nor was the Plaintiff ever precluded from being able to comply with the Superior Court's Stay Order or precluded from being able to manage his 26 properties as the result of any actions of the Defendants.

34. Denied. The allegations set forth in paragraph 34 are denied. For further answer it is averred that there was no conspiracy among any or all of the Defendants and that the answering Defendants did not in any way interfere with his ability to manage his 26 properties.

35. Denied. The allegations set forth in paragraph 35 are denied as a legal conclusion. For further answer it is averred that at no time did the answering Defendants force any illegal office closures. For further answer it is averred that at no time were the answering Defendants acting in concert with Kermec, Foggerty and Cadle to force office closures. Kermec, Foggerty and Cadle had nothing to do with the citing of the properties for building code and health code violations.

36. Denied. For further answer, the building at 444-446 South Franklin Street was posted and closed by the Wilkes-Barre City Department of Health for violations of the City Code after inspection by the Wilkes-Barre Community Action Team ("CAT").

37. Denied. The allegations set forth in paragraph 37 are denied. For further answer it is averred that as a result of the inspection and posting of the property on February 7, the premises located at 444-446 South Franklin Street were to remain vacated until the property owner requested reinspection of the property after he had abated the violations. On February 23, 2007 the Health Department and the Building Code Official did a follow up inspection because of a

complaint received from employees in the office. At that time the inspection showed that the health violations had been abated. However, Building Code Official Kratz found numerous building violations and therefore the property remained posted and closed. On April 3, 2007 the Building Code Official and the Health Department inspected the premises at 444-446 South Franklin Street again. Those premises were still in violation of the City Building Code and hence remained posted and closed. Subsequently, Plaintiff was prevented from moving his office into 448 South Franklin Street because there was no electricity to the building and it was not zoned for a commercial use.

38. Denied. The allegations set forth in paragraph 38 are denied. For further answer see averments set forth in paragraph 37 of this Answer which are incorporated herein by reference.

39. Denied. The allegations set forth in paragraph 39 are denied. For further answer the averments set forth in paragraph 37 of this Answer are incorporated herein by reference.

40. Denied. The allegations set forth in paragraph 40 are denied. For further answer the averments set forth in paragraph 37 are incorporated herein by reference.

41. Denied. The allegations set forth in paragraph 41 are denied. It is denied that Defendants forced the closure and evacuation of the Plaintiff's office location at 442 South Franklin Street.

42. Denied. The allegations set forth in paragraph 42 are denied. For further answer the averments set forth in paragraph 37 of this Answer are incorporated herein by reference.

43. Denied. It is denied that on or about April 18, 2007 Defendants Kratz and Barrouk required the Plaintiff to vacate the Plaintiff's office location at 62-64 West Ross Street.

44. Denied. The allegation set forth is a legal conclusion which is denied.

45. Denied. The allegation set forth in paragraph 45 is denied. For further answer it is averred that the Defendants did not force closure of 442 South Franklin Street.

46. Denied. The allegation set forth in paragraph 46 is denied. For further answer, the Defendants not only did not eliminate the ability of Plaintiff to appeal any of the City's citations but in fact advised him of his right to do so.

47. Denied. The allegations set forth in paragraph 47 are denied. For further answer it is averred that the Defendants did nothing to interfere with the ability of the Plaintiff to conduct his occupation or to properly manage his properties and collect rents.

612099.1

## COUNT I

Paragraphs 1 through 47 inclusive of this Answer are incorporated herein.

48. Denied. The allegation set forth in paragraph 48 is denied as a legal conclusion. For further answer it is averred that the Defendants did not conduct any illegal searches or seizures of Plaintiff's properties.

49. Denied. The allegation set forth in paragraph 49 is denied as a legal conclusion. For further answer it is averred that the Defendants did not conduct any illegal searches or seizures of Plaintiff's properties.

50. Denied. It is denied that the Plaintiff has suffered any harm as a result of any conduct of the answering Defendants.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

## COUNT II

Paragraphs 1 through 50 inclusive of this Answer are incorporated herein by reference.

51 – 52. Denied. The allegations set forth in paragraphs 51 and 52 are denied as conclusions of law. For further answer it is averred that the Defendants did not forcibly enter and seize the property of the Plaintiff.

53. Denied. It is denied that the Plaintiff has suffered any harm as a result of any conduct of the answering Defendants.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

## COUNT III

Paragraphs 1 through 53 inclusive of this Answer are incorporated herein.

54 – 55. Denied. The allegations set forth in paragraphs 54 and 55 are denied as conclusions of law. For further answer it is averred that the Defendants did not forcibly enter and seize the property of the Plaintiff.

56. Denied. It is denied that the Plaintiff has suffered any harm as a result of any conduct of the answering Defendants.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

## COUNT IV

Paragraphs 1 through 56 inclusive of this Answer are incorporated herein.

57. Denied. The allegation set forth in paragraph 57 is a conclusion of law which is denied. For further answer it is averred that the Defendants did not target the Plaintiff in an attempt to seize his property or disrupt his business.

612099.1

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

## COUNT V

Paragraphs 1 through 57 inclusive of this Answer are incorporated herein.

58. Denied. The allegation set forth in paragraph 58 is denied as a conclusion of law. For further answer it is averred that Defendants did not conspire against or interfere with the property interests of the Plaintiff.

59. Denied. It is denied that the Defendants engaged in any conduct with malice, or that they caused the Plaintiff any emotional distress.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

## COUNT VI

Paragraphs 1 through 59 inclusive of this Answer are incorporated herein.

60. Denied. It is denied that the Defendants intentionally intruded upon the solitude and seclusion of the Plaintiff and his private affairs or concerns or in any other way.

61. Denied. The allegation set forth in paragraph 61 is a legal conclusion which is denied. For further answer it is averred that the Defendants did not

engage in any conduct which would cause mental suffering, shame or humiliation to the Plaintiff.

62. Denied. The allegation set forth in paragraph 62 is a legal conclusion which is denied. For further answer it is averred that the Defendants did not publicly expose the condition of the Plaintiff's private life in such a way as to be highly offensive to a reasonable person or in a way that was not of legitimate concern to the public.

63. Denied. It is denied that the Defendants have engaged in any conduct as to cause mental suffering, shame and humiliation to the Plaintiff or that they unreasonably or seriously interfered with the Plaintiff's interest in not having his affairs known to others.

64. Denied. The allegations set forth in paragraph 64 are legal conclusions which are denied.

65. Denied. It is denied that the Plaintiff has suffered any harm as a result of any conduct of the answering Defendants.

66. Denied. It is denied that the Defendants caused any false publication concerning the Plaintiff.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

612099.1

## COUNT VII

Paragraphs 1 through 66 inclusive of this Answer are incorporated herein.

67. Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief with respect to the allegations set forth in paragraph 67 and therefore said allegations are denied.

68. Denied. It is denied that the Defendants interfered with any third parties performance of any contracts with Plaintiff.

69. Denied. The allegation set forth in paragraph 69 is denied as a legal conclusion.

70. Denied. It is denied that the Plaintiff has suffered any harm as the result of any conduct of the Defendants.

71. Denied. It is denied that the Defendants engaged in any conduct which interfered with prospective contracts with potential clients of the Plaintiff.

72. Denied. It is specifically denied that the Defendants had any intent to harm the Plaintiff in any way.

73. Denied. The allegation set forth in paragraph 73 is a legal conclusion which is denied.

74. Denied. It is denied that the Plaintiff has suffered any actual harm as a result of any conduct of the answering Defendants.

612099.1

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

## COUNT VIII

Paragraphs 1 through 74 inclusive of this Answer are incorporated herein by reference.

75. Denied. It is denied that the Defendants conspired in an effort to destroy Plaintiff's business, interfere with the maintenance of his properties or to prevent him from making payments on his notes. To the contrary, the answering Defendants were attempting to get him to maintain his properties in accordance with the City Code.

76. Denied. The allegations set forth in paragraph 76 are denied. For further answer it is averred that the Defendants individually, or acting in concert, never reviewed nor discussed efforts to establish false charges against Plaintiff or to force his business to shut down during his busiest part of the year, or otherwise to cause harm to the Plaintiff.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

612099.1

## COUNT IX

Paragraphs 1 through 76 inclusive of this Answer are incorporated herein by reference.

77. Denied. It is denied that the Defendants have undertaken any actions which would cause Plaintiff severe emotional distress and anxiety or which would cause any other harm to the Plaintiff.

78. Denied. It is denied that the Defendants have engaged in conduct which would humiliate, embarrass, ridicule or harm the quality of life or reputation of the Plaintiff.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and the costs incurred in the defense of this action.

## FIRST AFFIRMATIVE DEFENSE

79. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

80. Plaintiff fails to set forth a violation of a clearly established constitutional right which Defendants would reasonably believe they violated by their conduct.

81. Therefore, Defendants are immune from liability.

## THIRD AFFIRMATIVE DEFENSE

82. At all relevant times with respect to this action, Defendants reasonably believed their actions were lawful and reasonable.

83. Therefore, Defendants are immune from liability.

## FOURTH AFFIRMATIVE DEFENSE

84. Defendant City of Wilkes-Barre is immune from any claim for punitive damages.

## FIFTH AFFIRMATIVE DEFENSE

85. Defendants Kratz, Barrouk and all members of the Wilkes-Barre CAT entered upon the Plaintiff's premises with the consent of the Plaintiff and with the consent of the occupants thereof.

## SIXTH AFFIRMATIVE DEFENSE

86. Plaintiff failed to avail himself of the appeal process to appeal any actions taken by the Wilkes-Barre Building Code Official, the Wilkes-Barre Department of Health and of any other representatives of the City of Wilkes-Barre, and therefore waived any due process claim.

## SEVENTH AFFIRMATIVE DEFENSE

87. Defendants' actions in this matter were done in good faith pursuant to law and in no way violated any rights, privileges or immunities of the Plaintiff under the Constitution of the United States.

612099.1

## EIGHTH AFFIRMATIVE DEFENSE

88. Any harm, if any, suffered by the Plaintiff was due to his own conduct.

## NINTH AFFIRMATIVE DEFENSE

89. Defendants assert all statutory and case law immunities applicable to them under the Federal Civil Rights statutes which form the basis for the Plaintiff's federal claims and under Pennsylvania law with respect to the pendent state law claims.

## TENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

91. All claims against the Defendants are barred by the application of the Doctrine of Qualified Immunity.

## TWELFTH AFFIRMATIVE DEFENSE

92. Defendants are immune from liability for the pendent state claims pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A.§8541 et. seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims for damages for their pendent state claims are barred and/or limited by 42 Pa. C.S.A.§8553.

## FOURTEENTH AFFIRMATIVE DEFENSE

94. Plaintiff's pendent state claims are barred by Plaintiff's failure to give timely notice to the Defendant City of Wilkes-Barre as required by 42 Pa. C.S.A.§5522 and, therefore, all the Plaintiff's state claims are barred against the answering Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

95. No act, action or omission of answering Defendants was the proximate cause or legal cause of any damage allegedly sustained by the Plaintiff and this constitutes a complete defense to the within causes of action.

## SIXTEENTH AFFIRMATIVE DEFENSE

96. If Plaintiff suffered any injuries and/or damages, Plaintiff failed to properly mitigate his alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred by his failure to utilize or exhaust administrative remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

98. Some of Plaintiff's claims are barred by the Doctrine of Collateral Estoppel.

612099.1

## NINETEENTH AFFIRMATIVE DEFENSE

99. Some of Plaintiff's claims are barred by the Doctrine of Equitable Estoppel.

WHEREFORE, Defendants demand that the Complaint be dismissed, that judgment be entered in their favor against the Plaintiff, and that Defendants be awarded their attorney's fees and be awarded the costs incurred in the defense of this action.

        ROSENN, JENKINS & GREENWALD, LLP

        By: /s/Donald H. Brobst
            DONALD H. BROBST, ESQUIRE
            15 South Franklin Street
            Wilkes-Barre, PA 18711-0075
            (570) 826-5655 – telephone
            (570) 706-3409 – facsimile
            dbrobst@rjglaw.com
            PA17833

            Attorneys for Defendants,
            THE CITY OF WILKES-BARRE;
            THOMAS LEIGHTON; FRANCIS
            KRATZ and GREGORY BARROUK

612099.1

ROSENN, JENKINS & GREENWALD, L.L.P.
Donald H. Brobst, Esquire
Atty. I.D. No. 17833
15 South Franklin Street
Wilkes-Barre, PA 18711
(570) 826-5600
Attorneys for Defendants,
The City of Wilkes-Barre; Thomas Leighton;
Francis Kratz and Gregory Barrouk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. REISINGER, | |
| Plaintiff | |
| vs. | CIVIL ACTION – LAW |
| THE CITY OF WILKES-BARRE; THOMAS LEIGHTON; FRANCES KRATZ; GREGORY BARROUK; MICHAEL KERMEC and THE CRADLE COMPANY, II, INC., | JURY TRIAL DEMANDED (Honorable Richard P. Conaboy) |
| Defendants | NO. 3:09-CV-00210 |

**CERTIFICATE OF SERVICE**

DONALD H. BROBST, ESQUIRE, hereby certifies that on the 3rd day of April, 2009, he caused to be served a true and correct copy of the foregoing Answer, by electronic mail to the following:

> Peter G. Loftus
> Loftus Law Firm, P.C.
> P.O. Box V
> 1207 North Abington Road
> Waverly, PA 18471

612099.1

Kevin T. Fogerty
Law Offices of Kevin T. Fogerty
Mill Run Office Center
1275 Glenlivet Drive, Suite 150
Allentown, PA 18106


ROSENN, JENKINS & GREENWALD, LLP

BY: /s/Donald H. Brobst
    DONALD H. BROBST, ESQUIRE

612099.1