# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH R. REISINGER,** | : CIVIL ACTION – LAW |
| | : |
| **Plaintiff** | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : |
| **LUZERNE COUNTY, et al.** | :(Judge Conaboy) |
| | : |
| **Defendants** | :    No.   3: CV   09-1554 |

### PLAINTIFF'S RESPONSE TO THE COURT'S RULE TO SHOW CAUSE CONCERNING CONSOLIDATION DATED <u>AUGUST 19, 2009</u>

**NOW COMES** the Plaintiff, Joseph R. Reisinger, by his attorneys, THE LOFTUS LAW FIRM, P.C., makes answer to the Court's Rule to Show Cause dated August 19, 2009 as follows:

1. The Plaintiff is opposed to any consolidation of the captioned proceeding with Joseph R. Reisinger v. City of Wilkes Barre, et al. filed to No. 09-CV-210 in the United States District Court for the Middle District of Pennsylvania.

2. Federal Rule of Civil Procedure 42 clearly states as follows: (a) Consolidation: "When actions involved in a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or

all matters and issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as they tend to avoid unnecessary costs or delay."

3. In the instant case, there is not a commonality of the Defendants in the two (2) cases. While the Plaintiff is identical in each of the cases, the Defendants have only the Cadle Company II, Daniel C.Cadle and Michael Kermec as similar Defendants.

4. The witnesses and evidence are different in both cases.

5. The damages and proof of damages would be separate and distinct and the proofs in one would be prejudicial to the Defendants in the other and vice versa.

6. The interest of justice and/or judicial economy would not be served.

7. The final judgment in one may not be immediately Appealed unless it is certified for such Appeal under Rule 54B, **Brandon Jones, Sandall, Zeide, Kohn, Chalal and Musso P.A. v. Med Partners, Inc.**, 312 F.3rd 1349, 1355-1356(11th Cirt. 2002).

8. Under 09-210, the Plaintiff is asserting causes of action for illegal search & seizure under the Fourth Amendment, Procedural Due Process under the Sixth and Fourteenth Amendments, Substantive Due

Process under the Sixth and Fourteenth Amendments, Equal Protection in violation of the Sixth and Fourteenth Amendments, Freedom of Speech under the First Amendment as well as State Pendente Claims.

9. Under 09-1554, the Plaintiff is suing for violation of his due process rights under the First, Fourth, Sixth and Fourteenth Amendments, Equal Protection under the First, Fourth, Sixth and Fourteenth Amendments and State Pendente Actions.

10. It should also be noted however that in both cases, the Plaintiff has sued by virtue of diversity of citizenship under 28USC § 1331 and 1332(1)(3)(4).

11. The damages in 09-210 are for both compensatory and punitive damages in an amount in excess of Eighty Thousand Dollars ($80,000.00) while in 09-1554, they are for both compensatory and punitive damages and restoration of the ownership of the former properties.

12. The case against the Luzerne County Tax Claim Bureau, Nova Savings Bank and Craig J. Scher include breach of contract, conversion, fraud and misrepresentation as well as the other State Pendent Claims.

13. The later claims have no connection to the City complaint and obviously involves substantially different facts, witnesses and evidence and damage claims.

For these reasons it is respectfully requested that the Court not consolidate the cases.

> Respectfully Submitted,
> THE LOFTUS LAW FIRM, P.C.
>
> /s/ Peter G. Loftus, Esquire
> Peter G. Loftus, Esquire
> Attorney I.D. No. 09943
> P.O. Box V, 1207 N. Abington Rd.
> Waverly, PA  18471
> (570)586-8604